Kristen Lake Cardoso (SBN 338762)
**KOPELOWITZ OSTROW P.A.**
One W Las Olas Blvd, Suite 500
Fort Lauderdale, FL 33301
Tel.: (954) 525-4100
cardoso@kolawyers.com

*Attorney for Plaintiff and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED HARTLEY, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CLOUDINARY, INC. and FIVERR, INC., <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR A JURY TRIAL** |

Plaintiff Jared Hartley ("Plaintiff") brings this Class Action Complaint ("Complaint") against Fiverr, Inc. ("Fiverr") and Cloudinary, Inc. ("Cloudinary") (collectively, "Defendants") as an individual and on behalf of all others similarly situated, and alleges, upon personal knowledge as to his own actions and his counsels' investigation, and upon information and belief as to all other matters, as follows:

### SUMMARY OF ACTION

1. Plaintiff brings this putative class action against Defendants for their failure to properly secure and safeguard a wide variety of documents ("Documents")

Class Action Complaint                    - Page 1 -

and sensitive private information of Plaintiff and Class Members (defined below) that were negligently maintained and exposed by Defendants in a recent data leak (the "Data Leak").

2.      Defendant Cloudinary is a cloud-based media platform that allows managers to upload, store, manage, and transmit data, media, and other content within their applications.[1]

3.      Defendant Fiverr is global marketplace, where freelancers and independent contractors offer a wide variety of services to their clients online.[2]

4.      Defendants collected and maintained the Documents and Private Information belonging to Plaintiff and the putative Class Members, who provided it to Defendants, directly or indirectly.

5.      Plaintiff's and Class Members' sensitive and confidential personal information—which he entrusted to Defendants on the mutual understanding that Defendants would protect it from public disclosure—was exposed to the world in the Data Leak.

6.      Upon information and belief, in early April 2026, Fiverr users' documents that were stored by Cloudinary became readily accessible to anyone on a search engine (*e.g.*, Google, Microsoft Bing), because they were temporarily improperly indexed to appear on search engines. Within the Documents that were readily accessible to the general public included, *inter alia*: (i) personally identifying information ("PII") including names, dates of birth, Social Security numbers, addresses, email addresses, phone numbers, and Employer Identification Numbers; (ii) Protected Health Information ("PHI") including health insurance information, diagnosis and treatment information, and prescription information; (iii) sensitive confidential communications including, for example, annual income and tax refund

---

[1] https://cloudinary.com/ (last visited Apr. 15, 2026).

[2] https://www.fiverr.com/cp/how-fiverr-works (last visited Apr. 15, 2026).

Class Action Complaint                   - Page 2 -

amounts; and (iv) documents that reveal trade secrets or propriety business information (collectively, "Private Information").

7.    As a result of the disclosure, Plaintiff and Class Members suffered concrete injuries in fact including, but not limited to: (i) invasion of privacy; (ii) theft of their Documents and Private Information; (iii) lost or diminished value of the Documents and Private Information; (iv) loss of benefit of the bargain; (v) actual misuse of the compromised data (vi) statutory damages; (vii) nominal damages; and (viii) the continued and certainly increased risk to their Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect the Private Information.

8.    The Data Leak was a direct result of Defendants' failure to implement adequate and reasonable procedures and protocols necessary to protect individuals' Documents and Private Information from a foreseeable and preventable leak. Defendants could have prevented or mitigated the consequences of the Data Leak by, for example, promptly removing the Documents and Private Information from search engine indexing, limiting access to sensitive information to only necessary employees, requiring multi-factor authentication to verify access credentials, encrypting data at rest and in transit, monitoring their systems for signs of unusual activity or the disclosure of large volumes of data, and regularly rotating passwords.

9.    Defendants maintained, used, and shared the Documents and Private Information in a reckless manner. In particular, the Documents and Private Information held and transmitted by Defendants in a condition vulnerable to a disclosure. Upon information and belief, the mechanism of the Data Leak and potential for improper disclosure of Plaintiff's and Class Members' Documents and Private Information was a known risk to Defendants, and thus, Defendants were on

Class Action Complaint           - Page 3 -

notice that failing to take steps necessary to secure the Documents and Private Information from those risks left that property in a dangerous condition.

10. Defendants disregarded the rights of Plaintiff and Class Members by, *inter alia*, intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure their data systems were protected against unauthorized disclosures; failing to take standard and reasonably available steps to prevent the Data Leak; failing to promptly remove the Documents and Private Information after learning of the disclosure; and failing to provide Plaintiff and Class Members prompt and accurate notice of the Data Leak.

11. Plaintiff's and Class Members' identities are now at risk because of Defendants' negligent conduct because the Documents and Private Information that Defendants collected and maintained have been accessed and acquired by hundreds, if not thousands, of individuals and likely cybercriminals who will use the Private Information to commit identity theft and fraud.

12. Armed with the Documents and Private Information accessed in the Data Leak, criminals likely have already engaged in identity theft and fraud and can in the future commit a variety of crimes including, *e.g.*, opening new financial accounts in Class Members' names, taking out loans in Class Members' names, using Class Members' information to obtain government benefits, filing fraudulent tax returns using Class Members' information, obtaining driver's licenses in Class Members' names but with another person's photograph, and giving false information to police during an arrest.

13. As a result of the Data Leak, Plaintiff and Class Members have been exposed to a heightened and imminent risk of fraud and identity theft. Plaintiff and Class Members must now and in the future closely monitor their financial accounts to guard against identity theft.

14. Plaintiff and Class Members will also incur out of pocket costs, *e.g.*, for

Class Action Complaint                - Page 4 -

purchasing credit monitoring services, credit freezes, credit reports, or other protective measures to deter and detect identity theft.

15. Through this Complaint, Plaintiff seeks to remedy these harms on behalf of himself, and all similarly situated individuals whose Documents and Private Information were accessed during the Data Leak.

16. Plaintiff brings this class action lawsuit on behalf of all those similarly situated to address Defendants' inadequate safeguarding of Class Members' Documents and Private Information that they collected and maintained, and for failing to provide timely and adequate notice to Plaintiff and other Class Members that their Documents and Private Information had been subject to the unauthorized disclosure.

17. Plaintiff and Class Members have a continuing interest in ensuring that their information is and remains safe, and they should be entitled to injunctive and other equitable relief.

## JURISDICTION AND VENUE

18. The Court has subject-matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). There are at least 100 putative Class Members, the aggregated claims of the individual Class Members exceed the sum or value of $5,000,000 exclusive of interest and costs, and members of the proposed Class are citizens of states different from Defendants.

19. The Court has jurisdiction over Cloudinary because it is headquartered and has its principal place of business in California. The Court has jurisdiction over Fiverr because it has significant business operations in California, and purposefully availed itself of the markets in California to render the exercise of jurisdiction by this Court just and proper, including via its relationship with Cloudinary.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action

Class Action Complaint                    - Page 5 -

occurred in this District, and Cloudinary's headquarters is located in this District.

## PARTIES

21.    Plaintiff is a resident and citizen of Miami, Florida.

22.    Defendant Cloudinary is a Delaware corporation with its headquarters and principal place of business located at 6201 America Center Dr, Suite 220, San Jose, California 95002.

23.    Defendant Fiverr is a Delaware corporation with its headquarters and principal place of business located at 885 Third Avenue, New York, New York 10022. It also maintains offices in Los Angeles and San Francisco.

## FACTUAL ALLEGATIONS

***Defendants' Businesses***

24.    Fiverr is a global marketplace where freelancers and independent contractors offer their services to consumers across the world. Fiverr allows consumers to search for any service they need and connect with a freelancer to negotiate and contract for services.

25.    Cloudinary is a cloud-based media management platform that allows users and managers of accounts to store, access, transmit, and manage a wide variety of electronic media including documents, photos, audio recordings, video recordings, and other files.

26.    In the course of their relationship, Plaintiff and Class Members provided Defendants with their sensitive Documents and Private Information.

27.    Upon information and belief, in the course of collecting Documents and Private Information from Plaintiff and Class Members, Defendants promised to provide confidentiality and adequate security for the data they collected from individuals through their applicable privacy policies and through other disclosures in compliance with statutory privacy requirements.

28.    Fiverr's Privacy Policy states: "We implement technical and

Class Action Complaint                - Page 6 -

organizational measures to maintain the security of the Site and your personal information and in preventing unauthorized access, loss, misuse, alteration, destruction or damage to it through industry standard technologies and internal procedures."[3]

29.    Fiverr blatantly disregarded the promises within its Privacy Policy and allowed Plaintiff's and Class Members Documents and Private Information to be readily accessible on third-party search engines.

30.    Cloudinary's Privacy Policy states: "We do not sell, rent or lease Personal Information. We will share Personal Information only subject to the terms of this policy, or subject to your prior consent."[4]

31.    Cloudinary's disclosure of Plaintiff's and Class Members' Documents and Private Information did not fall under the enumerated list of permitted disclosures within its Privacy Policy. Moreover, Cloudinary did not receive consent from Plaintiff or Class Members to share their Documents and Private Information to third-party search engines.

32.    Plaintiff and the Class Members relied on these promises and on this sophisticated business entities to keep their sensitive Documents and Private Information confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

***The Data Leak***

33.     Upon information and belief, in early April 2026, Defendants allowed unrestricted access to all Documents and Private Information through indexing on third-party search engines (*e.g.*, Google, Bing).

34.    When entering "site:fiverr-res/cloudinary.com" in a search engine, any individual could access any document uploaded on Fiverr and stored on Cloudinary

[3] https://www.fiverr.com/legal-portal/privacy/privacy-policy (last visited Apr. 15, 2026).

[4] https://cloudinary.com/privacy (last visited Apr. 15, 2026).

Class Action Complaint                    - Page 7 -

through a simple search.

35.    By adding any search term or phrase after the "site:fiverr-res/cloudinary.com", and individual could narrow their search to include certain pieces of information held by Defendants.

36.    For example, when searching "site:fiverr-res/cloudinary.com social security" on a search engine, thousands of links appear including sensitive Private Information and Documents stored by Defendants.[5]

37.    The redacted documents attached as **Exhibits A and B** reveal the severity of the data and the types of documents readily accessible to the world due to Defendants' Data Leak. Those documents include, but are not limited to: personal income tax returns, individual income reports, business tax returns, internal business documents, and other sensitive personal content containing Private Information.[6]

38.    Defendants were aware of the Data Leak and the magnitude of Documents and Private Information available to the general public, yet they did nothing in response to protect Plaintiff and Class Members.

39.    To make matters worse, an individual impacted by the Data Leak sent Fiverr an email to notify them of the disclosure and request that information be taken down.[7]

40.    Fiverr failed to respond to the email and blatantly disregarded the warranted concern. As such, Fiverr knowingly allowed the Data Leak to continue and chose to avoid taking action in response to the known disclosure.

---

[5] https://www.google.com/search?q=site%3Afiverr-res.cloudinary.com+social+security&rlz=1C1GCEB_enUS1179US1179&oq=site&gs_lcrp=EgZjaHJvbWUqCAgAEEUYJxg7MggIABBFGCcYOzIGCAEQRRg7MgYIAhBFGDkyBggDEEUYOzIWCAQQQLhiDARjHARixAxjRAxiABBiKBTlGCAUQRRg8MgYIBhBFGDwyBggHEEUYPNIBCDE2MjNqMGo3qAIAsAIA&sourceid=chrome&ie=UTF-8 (last visited Apr. 15, 2026).

[6] *See* **Exhibits A-B**.

[7] https://gist.githubusercontent.com/aidanbh/3da7cecb3e2496e5c5110b88f21bc317/raw/2f7632f98608ae8159ae7993b79bec3f3702ffed/message.eml (last visited Apr. 16, 2026).

Class Action Complaint            - Page 8 -

41.    Defendants had obligations created by the FTC Act, contract, common law, and industry standards to keep Plaintiff's and Class Members' Documents and Private Information confidential and to protect them from unauthorized access and disclosure.

42.    Defendants did not use reasonable security procedures and practices appropriate to the nature of the sensitive information they were maintaining for Plaintiff and Class Members, causing the exposure of Documents and Private Information, such as encrypting the information or deleting it when it is no longer needed.

43.    Moreover, Defendants could have prevented or mitigated the consequences of the Data Leak by limiting access to sensitive information to only necessary employees, requiring multi-factor authentication to verify access credentials, encrypting data at rest and in transit, monitoring their systems for signs of unusual activity or the disclosure of large volumes of data, and regularly rotating passwords.

44.    As a result of Defendants' failures, the Documents containing unencrypted Private Information of Plaintiff and Class Members is now and forever available to the general public.

### Data Leaks Are Preventable

45.    Data leaks are preventable.[8] As Lucy Thompson wrote in the Data Breach and Encryption Handbook, "In almost all cases, the data breaches that occurred could have been prevented by proper planning and the correct design and implementation of appropriate security solutions."[9] She added that "[o]rganizations that collect, use, store, and share sensitive personal data must accept responsibility

---

[8] Lucy L. Thomson, "Despite the Alarming Trends, Data Breaches Are Preventable," *in* DATA BREACH AND ENCRYPTION HANDBOOK (Lucy Thompson, ed., 2012), available at https://lawcat.berkeley.edu/record/394088.
[9] *Id.* at 17.

Class Action Complaint              - Page 9 -

for protecting the information and ensuring that it is not compromised . . . ."[10]

46. Defendants did not use reasonable security procedures and practices appropriate to the nature of the sensitive information they were maintaining for Plaintiff and Class Members, causing the exposure of Documents, such as encrypting the information or deleting it when it is no longer needed.

47. Defendants could have prevented this Data Leak by, among other things, properly encrypting or otherwise protecting their equipment and computer files containing Private Information.

48. Given that Defendants were storing a substantial amount of sensitive Private Information on their systems, Defendants could and should have implemented measures to prevent and detect data leaks.

49. The occurrence of the Data Leak indicates that Defendants failed to adequately implement any measures to prevent disclosures, resulting in the Data Leak and individuals acquiring and accessing the Documents and Private Information of thousands of individuals, including that of Plaintiff and Class Members.

***Defendants Acquire, Collect, And Store Individuals' Private Information***

50. Defendants acquire, collect, and store a massive amount of Private Information in the regular course of their business operations.

51. Defendants require individuals entrust them with highly sensitive personal information.

52. By obtaining, collecting, and using Plaintiff's and Class Members' Private Information, Defendants assumed legal and equitable duties and knew or should have known that they were responsible for protecting Plaintiff's and Class Members' Documents and Private Information from disclosure.

53. Plaintiff and the Class Members have taken reasonable steps to

---

[10] *Id.* at 28.

Class Action Complaint                    - Page 10 -

maintain the confidentiality of their Documents and Private Information and would not have entrusted it to Defendants absent a promise to safeguard that information.

54. Upon information and belief, in the course of collecting Documents and Private Information from Plaintiff and Class Members, Defendants promised to provide confidentiality and adequate security for their data through their applicable privacy policies and through other disclosures in compliance with statutory privacy requirements.

55. Plaintiff and the Class Members relied on Defendants to keep their Documents and Private Information confidential and securely maintained, to use this information for business purposes only, and to make only authorized disclosures of this information.

### Defendants Fail To Comply With FTC Guidelines

56. The Federal Trade Commission ("FTC") has promulgated numerous guides for businesses which highlight the importance of implementing reasonable data security practices. According to the FTC, the need for data security should be factored into all business decision-making.

57. In 2016, the FTC updated its publication, Protecting Personal Information: A Guide for Business, which established cyber-security guidelines for businesses. These guidelines note that businesses should protect the personal consumer information that they keep; properly dispose of personal information that is no longer needed; encrypt information stored on computer networks; understand their network's vulnerabilities; and implement policies to correct any security problems.[11]

58. The FTC recommends that companies not maintain Private Information longer than is needed for authorization of a transaction; limit access to sensitive data;

---

[11] *Protecting Personal Information: A Guide for Business*, Federal Trade Commission (2016). Available at https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personal-information.pdf

Class Action Complaint                    - Page 11 -

require complex passwords to be used on networks; use industry-tested methods for security; monitor for suspicious activity on the network; and verify that third-party service providers have implemented reasonable security measures.

59.    The FTC has brought enforcement actions against businesses for failing to adequately and reasonably protect consumer data, treating the failure to employ reasonable and appropriate measures to protect against unauthorized access to confidential consumer data as an unfair act or practice prohibited by Section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45. Orders resulting from these actions further clarify the measures businesses must take to meet their data security obligations.

60.    These FTC enforcement actions include actions against companies, like Defendants.

61.    Section 5 of the FTC Act, 15 U.S.C. § 45, prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair act or practice by businesses, such as Defendants, of failing to use reasonable measures to protect Documents and Private Information. The FTC publications and orders described above also form part of the basis of Defendants' duty in this regard.

62.    Defendants failed to properly implement basic data security practices.

63.    Defendants' failure to employ reasonable and appropriate measures to protect against unauthorized disclosures of Documents and Private Information of Plaintiff and Class Members, or to comply with applicable industry standards constitutes an unfair act or practice prohibited by Section 5 of the FTC Act, 15 U.S.C. § 45.

64.    Upon information and belief, Defendants were at all times fully aware of their obligation to protect the Documents and Private Information they collect and store, Defendants were also aware of the significant repercussions that would result from their failure to do so. Accordingly, Defendants' conduct was particularly

Class Action Complaint                    - Page 12 -

unreasonable given the nature and amount of Documents and Private Information they obtain and store and the foreseeable consequences of the immense damages that would result to Plaintiff and the Class.

### Defendants Fail To Comply With Industry Standards

65.    Several best practices have been identified that, at a minimum, should be implemented by companies in possession of Private Information, like Defendants, including but not limited to: educating all employees; strong passwords; multi-layer security, including firewalls, anti-virus, and anti-malware software; encryption, making data unreadable without a key; multi-factor authentication; backup data and limiting which employees can access sensitive data. Defendants failed to follow these industry best practices, including a failure to implement multi-factor authentication.

### Common Injuries & Damages

66.    As a result of Defendants' ineffective and inadequate data security practices, the Data Leak, and the foreseeable consequences of Documents and Private Information ending up in the possession of unauthorized users, the risk of identity theft to the Plaintiff and Class Members has materialized and is imminent, and Plaintiff and Class Members have all sustained actual injuries and damages, including: (i) invasion of privacy; (ii) theft of their Documents and Private Information; (iii) lost or diminished value of Documents and Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Leak; (v) loss of benefit of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Leak; (vii) statutory damages; (viii) nominal damages; and (ix) the continued and certainly increased risk to their Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendants' possession and is subject to further

Class Action Complaint                    - Page 13 -

unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect the Private Information.

### Loss Of Benefit Of The Bargain

67.    Furthermore, Defendants' poor data security practices deprived Plaintiff and Class Members of the benefit of their bargain. When agreeing to pay Defendants for services, Plaintiff and other reasonable consumers understood and expected that they were, in part, paying for the product and/or service and necessary data security to protect their Documents and Private Information, when in fact, Defendants did not provide the expected security. Accordingly, Plaintiff and Class Members received services that were of a lesser value than what they reasonably expected to receive under the bargains they struck with Defendants.

### Plaintiff's Experience

68.    Plaintiff provided his Documents and Private Information to Defendants in order to keep the Documents in Defendants' private cloud storage service.

69.    Upon information and belief, at the time of the Data Leak, Defendants maintained Plaintiff's Documents and Private Information on their system.

70.    Plaintiff is very careful about sharing his sensitive Documents and Private Information. Plaintiff has never knowingly transmitted unencrypted sensitive Documents and Private Information over the internet or any other unsecured source. Plaintiff would not have entrusted his Documents and Private Information to Defendants had he known of Defendants' lax security policies.

71.    As a result of the Data Leak, Plaintiff made reasonable efforts to respond to and mitigate the impact of the Data Leak, including researching the Data Leak and sorting through the various links available on search engines. Plaintiff has spent significant time dealing with the Data Leak—valuable time Plaintiff otherwise would have spent on other activities, including but not limited to work and/or

Class Action Complaint                - Page 14 -

recreation. This time has been lost forever and cannot be recaptured.

72. Plaintiff suffered actual injury from having his Documents and Private Information disclosed as a result of the Data Leak including, but not limited to: (i) invasion of privacy; (ii) theft of his Documents and Private Information; (iii) lost or diminished value of Documents and Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Leak; (v) loss of benefit of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Leak; (vii) statutory damages; (viii) nominal damages; and (ix) the continued and certainly increased risk to his Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect the Documents and Private Information.

73. The Data Leak has caused Plaintiff to suffer fear, anxiety, and stress, which has been compounded by the fact that Defendants have still not fully informed him of key details about the Data Leaks' occurrence.

74. As a result of the Data Leak, Plaintiff anticipates spending considerable time and money on an ongoing basis to try to mitigate and address harms caused by the Data Leak.

75. As a result of the Data Leak, Plaintiff is at a present risk and will continue to be at increased risk of identity theft and fraud for years to come.

76. Plaintiff has a continuing interest in ensuring that his Documents and Private Information, which, upon information and belief, remains backed up in Defendants' possession, is protected and safeguarded from future disclosures. Plaintiff alleges that Defendants have failed to implement multi-factor authentication, limit access to sensitive Documents and Private Information to only

Class Action Complaint                    - Page 15 -

necessary individuals, and require the encryption of data at rest and in transit.

## CLASS ALLEGATIONS

77. Plaintiff brings this nationwide class action on behalf of himself and on behalf of all others similarly situated, pursuant to Fed. R. Civ. P. 23(a), 23(b)(1), 23(b)(2), 23(b)(3), 23(c)(4) and/or 23(c)(5).

78. The Class that Plaintiff seeks to represent is defined as follows:

All individuals residing in the United States whose Documents and Private Information were disclosed as a result of the Data Leak (the "Class").

79. Excluded from the Class are the following individuals and/or entities: Defendants and Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

80. Plaintiff reserves the right to amend the definitions of the Class or add a Class or Subclass if further information and discovery indicate that the definitions of the Class should be narrowed, expanded, or otherwise modified.

81. Numerosity: The members of the Class are so numerous that joinder of all members is impracticable, if not completely impossible. Upon information and belief, the Class is comprised of thousands of members. The Class is apparently identifiable within Defendants' records.

82. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class that predominate over questions which may affect individual Class members, including the following:

Class Action Complaint                    - Page 16 -

a. Whether and to what extent Defendants had a duty to protect the Documents and Private Information of Plaintiff and Class Members;

b. Whether Defendants had respective duties not to disclose the Documents and Private Information of Plaintiff and Class Members to third parties;

c. Whether Defendants had respective duties not to use the Documents and Private Information of Plaintiff and Class Members for non-business purposes;

d. Whether Defendants failed to adequately safeguard the Documents and Private Information of Plaintiff and Class Members;

e. Whether and when Defendants actually learned of the Data Leak;

f. Whether Defendants adequately, promptly, and accurately informed Plaintiff and Class Members that their Documents and Private Information had been disclosed;

g. Whether Defendants violated the law by failing to promptly notify Plaintiff and Class Members that their Documents and Private Information had been disclosed;

h. Whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information disclosed in the Data Leak;

i. Whether Defendants adequately addressed and fixed the vulnerabilities which permitted the Data Leak to occur;

j. Whether Plaintiff and Class Members are entitled to actual damages, statutory damages, and/or nominal damages as a result of Defendants' wrongful conduct;

k.  Whether Plaintiff and Class Members are entitled to injunctive relief to redress the imminent and currently ongoing harm faced as a result of the Data Leak.

83.  <u>Typicality:</u> Plaintiff's claims are typical of those of the other members of the Class because Plaintiff, like every other Class Member, was exposed to virtually identical conduct and now suffers from the same violations of the law as each other member of the Class.

84.  <u>Policies Generally Applicable to the Class</u>: This class action is also appropriate for certification because Defendants acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply to and affect Class Members uniformly and Plaintiff's challenges of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

85.  <u>Adequacy:</u> Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that he has no disabling conflicts of interest that would be antagonistic to those of the other Class Members. Plaintiff seeks no relief that is antagonistic or adverse to the Class Members and the infringement of the rights and the damages he has suffered are typical of other Class Members. Plaintiff has retained counsel experienced in complex class action and data security litigation, and Plaintiff intends to prosecute this action vigorously.

86.  <u>Superiority and Manageability:</u> The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously,

Class Action Complaint                    - Page 18 -

efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against large corporations, like Defendants. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

87.    The nature of this action and the nature of laws available to Plaintiff and Class Members make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class Members for the wrongs alleged because Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Class and will establish the right of each Class Member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

88.    The litigation of the claims brought herein is manageable. Defendants' uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

89.    Adequate notice can be given to Class Members directly using information maintained in Defendants' records.

90.    Unless a Class-wide injunction is issued, Defendants may continue in their failure to properly secure the Documents and Private Information of Class Members, Defendants may continue to refuse to provide proper notification to Class

Class Action Complaint                    - Page 19 -

Members regarding the Data Leak, and Defendants may continue to act unlawfully as set forth in this Complaint.

91. Further, Defendants have acted on grounds that apply generally to the Class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class- wide basis.

92. Likewise, particular issues are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

    a. Whether Defendants failed to timely notify the Plaintiff and the class of the Data Leak;

    b. Whether Defendants owed a legal duty to Plaintiff and the Class to exercise due care in collecting, storing, and safeguarding their Documents and Private Information;

    c. Whether Defendants' security measures to protect their data were reasonable in light of best practices recommended by data security experts;

    d. Whether Defendants' failure to institute adequate security measures amounted to negligence;

    e. Whether Defendants failed to take commercially reasonable steps to safeguard consumer Documents and Private Information; and Whether adherence to FTC data security recommendations, and measures recommended would have reasonably prevented the Data Leak.

**CAUSES OF ACTION**

**<u>COUNT I</u>**

**Negligence**

**(On Behalf of Plaintiff and the Class)**

93.    Plaintiff re-alleges and incorporates by reference all preceding allegations contained in paragraphs 1-92, as if fully set forth herein.

94.    Defendants allow individuals to submit non-public Documents and Private Information in the ordinary course of rendering services.

95.    Defendants gathered and stored the Documents and Private Information of Plaintiff and Class Members as part of their regular course of business operations, which solicitations and services affect commerce.

96.    Plaintiff and Class Members entrusted Defendants with their Documents and Private Information with the understanding that Defendants would safeguard their information.

97.    Defendants had full knowledge of the sensitivity of the Documents and Private Information and the types of harm that Plaintiff and Class Members could and would suffer if the information was wrongfully disclosed.

98.    By voluntarily undertaking and assuming the responsibility to collect and store this data, and in fact doing so, and sharing it and using it for commercial gain, Defendants had a duty of care to use reasonable means to secure and safeguard the information—and Class Members' Documents held within it—to prevent disclosure of the information, and to safeguard the information. Defendants' duty included a responsibility to implement processes by which they could detect a disclosure of Documents and Private Information in a reasonably expeditious period of time and to give prompt notice to those affected in the case of a disclosure.

99.    Defendants had a duty to employ reasonable measures under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits "unfair . . . practices in or affecting commerce," including, as interpreted and enforced by the FTC, the unfair practice of failing to use reasonable measures to protect confidential data.

100.    Defendants owed a duty of care to Plaintiff and Class Members to

Class Action Complaint                    - Page 21 -

provide data security consistent with industry standards and other requirements discussed herein, and to ensure that its systems and networks adequately protected the Documents and Private Information.

101. Defendants' duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendants and Plaintiff and Class Members. That special relationship arose because Plaintiff and the Class entrusted Defendants with their confidential Documents and Private Information, a necessary part of using Defendant Fiverr's services.

102. Defendants' duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendants are bound by industry standards to protect confidential Documents and Private Information.

103. Defendants were subject to an "independent duty," untethered to any contract between Defendants and Plaintiff or the Class.

104. Defendants also had a duty to exercise appropriate clearinghouse practices to remove former customers' Documents and Private Information they were no longer required to retain pursuant to regulations.

105. Moreover, Defendants had a duty to promptly and adequately notify Plaintiff and the Class of the Data Leak.

106. Defendants had and continues to have a duty to adequately disclose that Documents and Private Information of Plaintiff and the Class within Defendants' possession might have been compromised, how it was compromised, and precisely the types of data that were compromised and when. Such notice was necessary to allow Plaintiff and the Class to take steps to prevent, mitigate, and repair any identity theft and the fraudulent use of their Documents and Private Information by third parties.

107. Defendants breached their duties, pursuant to the FTC Act, and other

Class Action Complaint                    - Page 22 -

applicable standards, and thus were negligent, by failing to use reasonable measures to protect Class Members' Documents and Private Information. The specific negligent acts and omissions committed by Defendants include, but are not limited to, the following:

   a. Failing to adopt, implement, and maintain adequate security measures to safeguard Class Members' Documents and Private Information;

   b. Allowing unauthorized access to Class Members' Documents and Private Information;

   c. Failing to detect in a timely manner that Class Members' Documents and Private Information had been disclosed;

   d. Failing to remove former users' Documents and Private Information they were no longer required to retain pursuant to regulations, and

   e. Failing to timely and adequately notify Class Members about the Data Leaks' occurrence and scope, so that they could take appropriate steps to mitigate the potential for identity theft and other damages.

108.   Plaintiff and Class Members were within the class of persons the Federal Trade Commission Act was intended to protect and the type of harm that resulted from the Data Leak was the type of harm that the statutes were intended to guard against.

109.   Defendants' violation of Section 5 of the FTC Act constitutes negligence.

110.   The FTC has pursued enforcement actions against businesses, which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm as that suffered by Plaintiff and the Class.

111.   A breach of confidentiality, unauthorized access, and resulting injury to Plaintiff and the Class was reasonably foreseeable, particularly in light of

Class Action Complaint          - Page 23 -

Defendants' inadequate practices.

112.   It was foreseeable that Defendants' failure to use reasonable measures to protect Class Members' Documents and Private Information would result in injury to Class Members.

113.   Defendants have full knowledge of the sensitivity of the Documents and Private Information and the types of harm that Plaintiff and the Class could and would suffer if the Documents and Private Information were wrongfully disclosed.

114.   Plaintiff and the Class were the foreseeable and probable victims of any inadequate practices and procedures. Defendants knew or should have known of the inherent risks in collecting and storing the Documents and Private Information of Plaintiff and the Class and the critical importance of providing adequate security of those Documents and Private Information.

115.   It was therefore foreseeable that the failure to adequately safeguard Class Members' Documents and Private Information would result in one or more types of injuries to Class Members.

116.   Plaintiff and the Class had no ability to protect their Documents and Private Information that were in, and possibly remains in, Defendants' possession.

117.   Defendants were in a position to protect against the harm suffered by Plaintiff and the Class as a result of the Data Leak.

118.   Defendants' duty extended to protecting Plaintiff and the Class from the risk of foreseeable criminal conduct of third parties, which has been recognized in situations where the actor's own conduct or misconduct exposes another to the risk or defeats protections put in place to guard against the risk, or where the parties are in a special relationship. See Restatement (Second) of Torts § 302B. Numerous courts and legislatures have also recognized the existence of a specific duty to reasonably safeguard personal information.

119.   But for Defendants' wrongful and negligent breach of duties owed to

Class Action Complaint                    - Page 24 -

Plaintiff and the Class, the Documents and Private Information of Plaintiff and the Class would not have been disclosed.

120. There is a close causal connection between Defendants' failure to implement measures to protect the Documents and Private Information of Plaintiff and the Class and the harm, or risk of imminent harm, suffered by Plaintiff and the Class. The Documents and Private Information of Plaintiff and the Class was accessed as the proximate result of Defendants' failure to exercise reasonable care in safeguarding such Documents and Private Information by adopting, implementing, and maintaining appropriate security measures.

121. As a direct and proximate result of Defendants' negligence, Plaintiff and the Class have suffered and will suffer injury, including but not limited to: (i) invasion of privacy; (ii) theft of their Documents and Private Information; (iii) lost or diminished value of Documents and Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Leak; (v) loss of benefit of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Leak; (vii) statutory damages; (viii) nominal damages; and (ix) the continued and certainly increased risk to their Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendants' possession and is subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect the Private Information.

122. Additionally, as a direct and proximate result of Defendants' negligence, Plaintiff and the Class have suffered and will suffer the continued risks of exposure of their Documents and Private Information, which remain in Defendants' possession and are subject to further unauthorized disclosures so long as Defendants fail to undertake appropriate and adequate measures to protect the

Documents and Private Information in their continued possession.

123. Plaintiff and Class Members are entitled to compensatory and consequential damages suffered as a result of the Data Leak.

124. Plaintiff and Class Members are also entitled to injunctive relief requiring Defendants to (i) strengthen their systems and monitoring procedures; and (ii) submit to future annual audits of those systems and monitoring procedures.

## COUNT II

### Breach of Implied Contract

### (On Behalf of Plaintiff and the Class against Defendant Fiverr)

125. Plaintiff re-alleges and incorporates by reference all preceding allegations contained in paragraphs 1-92, as if fully set forth herein.

126. This Count is brought solely against Defendant Fiverr (for purposes of this count "Defendant")

127. When Plaintiff and Class Members provided their Documents and Private Information to Defendant in exchange for Defendant's services, they entered implied contracts with Defendant under which Defendant agreed to reasonably protect such information.

128. Defendant solicited, offered, and invited Class Members to provide their Documents and Private Information as part of their regular business practices. Plaintiff and Class Members accepted Defendant's offers and provided their Private Information to Defendant.

129. In entering such implied contracts, Plaintiff and Class Members reasonably believed and expected that Defendant's data practices complied with relevant laws and regulations, and adhered to industry standards.

130. Plaintiff and Class Members paid money to Defendant or had money paid to Defendant on their behalf with the reasonable belief and expectation that Defendant would use part of the earnings generated from customers to obtain

Class Action Complaint            - Page 26 -

adequate data practices. Defendant failed to do so.

131.   Plaintiff and Class Members would not have entrusted their Documents and Private Information to Defendant in the absence of the implied contract between them and Defendant to keep their information reasonably secure.

132.   Plaintiff and Class Members would not have entrusted their Documents and Private Information to Defendant in the absence of its implied promise to ensure that it adopted reasonable data security measures.

133.   Plaintiff and Class Members fully and adequately performed their obligations under the implied contracts with Defendant.

134.   Defendant breached its implied contracts with Class Members by failing to safeguard and protect their Documents and Private Information.

135.   As a direct and proximate result of Defendant's breach of the implied contracts, Class Members sustained damages as alleged here, including the loss of the benefit of the bargain.

136.   Plaintiff and Class Members are entitled to compensatory, consequential, and nominal damages suffered because of the Data Leak.

137.   Plaintiff and Class Members are also entitled to injunctive relief requiring Defendant to, e.g., (i) strengthen its data security systems and monitoring procedures; and (ii) submit to future annual audits of those systems and monitoring procedures.

## COUNT III

### Unjust Enrichment

### (On Behalf of Plaintiff and the Class)

138.   Plaintiff re-alleges and incorporates by reference all preceding allegations contained in paragraphs 1-92, as if fully set forth herein.

139.   Plaintiff and Class Members conferred a monetary benefit on Defendants. Specifically, they provided Defendants with payments, directly or

Class Action Complaint                    - Page 27 -

indirectly, in exchange for services. In exchange, Plaintiff and Class Members should have had their Documents and Private Information protected with adequate data security.

140.   Defendants knew that Plaintiff and Class Members conferred a benefit upon them and accepted and retained that benefit by accepting the payments and retaining the Documents and Private Information entrusted to them. Defendants profited from Plaintiff's retained data and used Plaintiff's and Class Members' Documents and Private Information for business purposes.

141.   Defendants failed to secure Plaintiff's and Class Members' Documents and Private Information and, therefore, did not fully compensate Plaintiff or Class Members for the value of their payments and that their Documents and Private Information provided.

142.   Defendants acquired the Documents and Private Information through inequitable means as they failed to investigate and/or disclose the inadequate data security practices previously alleged.

143.   If Plaintiff and Class Members had known that Defendants would not use adequate data security practices, procedures, and protocols to adequately monitor, supervise, and secure their Documents and Private Information, they would not have entrusted their Documents and Private Information to Defendants or obtained services from Defendants.

144.   Plaintiff and Class Members have no adequate remedy at law.

145.   Defendants enriched themselves by saving the costs they reasonably should have expended on data security measures to secure Plaintiff's and Class Members' Documents and Private Information. Instead of providing a reasonable level of security that would have prevented the Data Leak, Defendants instead calculated to increase their own profit at the expense of Plaintiff and Class Members by utilizing cheaper, ineffective security measures and diverting those funds to their

Class Action Complaint          - Page 28 -

own profit. Plaintiff and Class Members, on the other hand, suffered as a direct and proximate result of Defendants' decision to prioritize their own profits over the requisite security and the safety of their Documents and Private Information.

146. Under the circumstances, it would be unjust for Defendants to be permitted to retain any of the benefits that Plaintiff and Class Members conferred upon them.

147. Plaintiff and Class Members are entitled to full refunds, restitution, and/or damages from Defendants and/or an order proportionally disgorging all profits, benefits, and other compensation obtained by Defendants from their wrongful conduct. This can be accomplished by establishing a constructive trust from which the Plaintiff and Class Members may seek restitution or compensation.

148. Plaintiff and Class Members may not have an adequate remedy at law against Defendants, and accordingly, they plead this claim for unjust enrichment in addition to, or in the alternative to, other claims pleaded herein.

## COUNT IV

### Invasion of Privacy

### (On Behalf of Plaintiff and the Class)

149. Plaintiff re-alleges and incorporates by reference all preceding allegations contained in paragraphs 1-92, as if fully set forth herein.

150. Plaintiff and Class Members had a legitimate expectation of privacy regarding their Documents and Private Information and were accordingly entitled to the protection of this information against disclosure to unauthorized third parties.

151. Defendants owed a duty to Plaintiff and Class Member to keep their Documents and Private Information confidential.

152. The unauthorized disclosure and/or acquisition by a third party of Plaintiff's and Class Members' Documents and Private Information is highly offensive to a reasonable person.

Class Action Complaint                    - Page 29 -

153. Defendants' reckless and negligent failure to protect Plaintiff's and Class Members' Documents and Private Information constitutes an intentional interference with Plaintiff's and the Class Members' interest in solitude or seclusion, either as to their person or as to their private affairs or concerns, of a kind that would be highly offensive to a reasonable person.

154. Defendants' failure to protect Plaintiff's and Class Members' Documents and Private Information acted with a knowing state of mind when they permitted the Data Leak because they knew their information security practices were inadequate.

155. Because Defendants failed to properly safeguard Plaintiff's and Class Members' Documents and Private Information, Defendants were on notice that their inadequate cybersecurity practices would cause injury to Plaintiff and the Class.

156. As a proximate result of Defendants' acts and omissions, the private and sensitive Documents and Private Information of Plaintiff and the Class Members were disclosed to third parties and is now available for disclosure and redisclosure without authorization, causing Plaintiff and the Class to suffer damages.

157. Defendants' wrongful conduct will continue to cause great and irreparable injury to Plaintiff and the Class since their Documents and Private Information are still maintained by Defendants with their inadequate cybersecurity system and policies.

158. Plaintiff and Class Members have no adequate remedy at law for the injuries relating to Defendants' continued possession of their sensitive and confidential Documents and Private Information. A judgment for monetary damages will not end Defendants' inability to safeguard the Documents and Private Information of Plaintiff and the Class.

159. Plaintiff, on behalf of himself and Class Members, seek injunctive relief to enjoin Defendants from further intruding into the privacy and confidentiality of

Class Action Complaint                    - Page 30 -

Plaintiff's and Class Members' Documents and Private Information.

160.    Plaintiff, on behalf of himself and Class Members, seek compensatory damages for Defendants' invasion of privacy, which includes the value of the privacy interest invaded by Defendants, the costs of future monitoring of their credit history for identity theft and fraud, plus prejudgment interest, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and Class Members, requests judgment against Defendants and that the Court grants the following:

A.    For an Order certifying the Class, and appointing Plaintiff and his Counsel to represent the Class;

B.    For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of the Documents and Private Information of Plaintiff and Class Members;

C.    For injunctive relief requested by Plaintiff, including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and Class Members, including but not limited to an order:

    i.    prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

    ii.    requiring Defendants to protect, including through encryption, all data collected through the course of their business in accordance with all applicable regulations, industry standards, and federal, state or local laws;

    iii.    requiring Defendants to delete, destroy, and purge the personal identifying information of Plaintiff and Class Members unless Defendants can provide to the Court reasonable justification for the

Class Action Complaint                    - Page 31 -

retention and use of such information when weighed against the privacy interests of Plaintiff and Class Members;

iv.  requiring Defendants to provide out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their Documents and Private Information for Plaintiff's and Class Members' respective lifetimes;

v.  requiring Defendants to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of the Documents and Private Information of Plaintiff and Class Members;

vi.  prohibiting Defendants from maintaining the Documents and Private Information of Plaintiff and Class Members on a cloud-based database;

vii.  requiring Defendants to audit, test, and train their security personnel regarding any new or modified procedures;

viii.  requiring Defendants to conduct regular database scanning and securing checks;

ix.  requiring Defendants to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling personal identifying information, as well as protecting the Documents and Private Information of Plaintiff and Class Members;

x.  requiring Defendants to routinely and continually conduct internal training and education, and on an annual basis to inform internal

Class Action Complaint                    - Page 32 -

security personnel how to identify and contain a leak when it occurs and what to do in response to a leak;

    xi.    requiring Defendants to meaningfully educate all Class Members about the threats that they face as a result of the loss of their Documents and Private Information to third parties, as well as the steps affected individuals must take to protect themselves; and

    xii.    for a period of 10 years, appointing a qualified and independent third party assessor to conduct a SOC 2 Type 2 attestation on an annual basis to evaluate Defendants' compliance with the terms of the Court's final judgment, to provide such report to the Court and to counsel for the class, and to report any deficiencies with compliance of the Court's final judgment;

D.    For an award of damages, including actual, nominal, statutory, consequential, and punitive damages, as allowed by law in an amount to be determined;

E.    For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

F.    For prejudgment interest on all amounts awarded; and

G.    Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: April 15, 2026           Respectfully Submitted,

                        By: /s/*Kristen Lake Cardoso*
                        Kristen Lake Cardoso (SBN 338762)
                        **KOPELOWITZ OSTROW P.A.**
                        One W Las Olas Blvd, Suite 500
                        Fort Lauderdale, FL 33301
                        Tel.: (954) 525-4100

cardoso@kolawyers.com

*Attorney for Plaintiff and
the Proposed Class*

Class Action Complaint                    - Page 34 -